IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
Baltimore Division

| | | |
|---|---|---|
| IN RE: | * | Case No.: 10-16854 |
| DIEDRA HARRIS-EASLEY, | * | |
| | | Chapter 13 |
| Debtor(s). | * | |

*******************************************************************

DIEDRA HARRIS-EASLEY,

      *

Serve:  Adam M. Frieman, Esquire
         1777 Reisterstown Road, Suite 360  *
         Baltimore, Maryland  21208

      *

         Plaintiff,

      *

vs.                                                 Adversary Proceeding No.

      *             _____

ATLANTIC CREDIT & FINANCE, INC.

      *

Serve:  Mitchell Rubenstein, Esquire
         Rubenstein, Cogan & Revesman, P.C.*
         Olde Town Office Center
         12 South Summit Avenue  *
         Gaithersburg, MD 20877
         *Attorney for Defendant*  *

         CSC Lawyers Incorporating
         Servicing Company  *
         7 St. Paul Street, Suite 1660
         Baltimore, MD 21201  *
         *Resident Agent per SDAT*

      *

         Defendant(s)
*******************************************************************

**COMPLAINT TO COMPEL TURNOVER OF DEBTOR PROPERTY
PURSUANT TO 11 U.S.C. § 522(h)**

    The above-captioned Debtor, by her under-signed counsel, hereby files this *Complaint To Compel Turnover Of Debtor's Property*, and states the following;

    1)    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.

    2)    This is a core proceeding pursuant to 28 U.S.C. § 157(b)(1) and (b)(2)(I) and an

   adversary proceeding as defined in the FRBP Rule 7001(6).

3)   Venue is proper pursuant to 28 U.S.C. § 1409.

4)   Diedra Harris-Easley is the Debtor in the above-captioned Bankruptcy Case and the Plaintiff in the above-captioned Adversary Proceeding.

5)   Atlantic Credit & Finance, Inc. ("Defendant") is a corporate entity doing business in the state of Maryland.

6)   The Debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on March 30, 2010.

7)   The Respondent was garnishing the Debtor's wages at the time of her filing, within the 90-day period prior to her filing, and post-petition. Those monies garnished post-petition violate the automatic stay pursuant to § 362.

8)   The monies garnished within 90 days prior to the filing of the case are a preferential transfer pursuant to § 547.

8)   The Respondent was notified of the filing of the Chapter 13 case.

9)   Pursuant to § 362(a), the Debtor is entitled to an immediate refund of the monies garnished post-petition in the amount of $623.84.

10)   Pursuant to 522(h), the Debtor may avoid the transfer of all the monies garnished within the 90 days prior to her petition date, in the amount of $2,510.93, and have them refunded to her, as she has exempted the same and the Trustee has not acted to recover this exempt property.

11)   The Respondent has neither refunded the monies garnished post-petition, nor the preferential transfer funds.

WHEREFORE, the Debtor requests this Honorable Court issue an Order that

a.   Directs Respondent to immediately release the Debtor's monies taken post-petition in the amount of $623.84; and

b.   Directs Respondent to immediately release the preferential transfer funds in the amount of $2,510.93; and

c.   Directs Respondent to pay for attorneys fees associated with the this matter; and

d.   Provides for such other and further relief as the Court may deem proper.

Date:  May 20, 2010                        _____/s/_____
                                           Adam M. Freiman, Bar No: 23047
                                           Sirody, Freiman & Feldman, P.C.
                                           1777 Reisterstown Road, Suite 360
                                           Baltimore, Maryland 21208
                                           (410) 415-0445

                                           Counsel for Debtor/Plaintiff